### GULLEDGE v. DIRECTOR GENERAL OF RAILROADS et al.

(District Court, W. D. North Carolina, at Charlotte.   January 7, 1921.)

1. **Removal of causes ⊚══36—Evidence held not to show fraudulent joinder of railroad companies to prevent removal.**

In an action against a North Carolina and a South Carolina railroad company for injuries sustained on the road of the South Carolina company, facts *held* not to show that the joinder of the North Carolina company, which owned practically all of the South Carolina company's stock, had the same officers and owned the rolling stock used on the South Carolina road, was for the fraudulent purpose of preventing removal to a United States court.

2. **Removal of causes ⊚══107(4)—On motion to remand for fraudulent joinder, court need not determine liability, but only plaintiff's belief as to liability.**

On a motion to remand an action against a domestic corporation and a foreign corporation, removed from the state court on the ground that the domestic corporation was fraudulently joined, the court is not required to determine whether the domestic corporation is liable to plaintiff, but will remand, if it was joined as defendant in the honest belief on the part of plaintiff that it was liable, for which belief there was a reasonable basis.

At Law. Action by W. V. B. Gulledge against the Director General of Railroads and others. On motion to remand to the state court. Case remanded.

Stack, Parker & Craig, of Monroe, N. C., for plaintiff.

Armfield & Vann, of Monroe, N. C., and Cansler & Cansler, of Charlotte, N. C., for defendants.

WEBB, District Judge. This cause was brought to the United States District Court for the Western District of North Carolina by the defendants, from the superior court of Union county, North Carolina,

⊚══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon allegations that the defendant Seaboard Air Line Railway Company was fraudulently joined as a party to this action, in that the Charlotte, Monroe & Columbia Railway Company was and is a distinct corporation, organized under the laws of South Carolina, and that the Seaboard Air Line Railway Company is a corporation organized under the laws of North Carolina, and that the Seaboard Air Line Railway Company was made a party to this action for the fraudulent purpose of giving jurisdiction to the state court, and for the fraudulent purpose of denying or preventing jurisdiction of the United States District Court.

After hearing evidence, both oral and upon affidavit, for both the plaintiff and the defendants, on December 31, 1920, at Charlotte, and after listening to extended argument of counsel on both sides, it is the opinion of the court that the cause should be remanded to the superior court of Union county, North Carolina.

[1] It appears from the testimony taken before me, the admission of counsel, and the pleadings in the cause, that the defendant Seaboard Air Line Railway Company is a North Carolina corporation, and that the Charlotte, Monroe & Columbia Railway Company is a South Carolina corporation; that both railroads are, and were at the time of the injury alleged, in operation, and the plaintiff was injured on the Charlotte, Monroe & Columbia road in South Carolina. The defendants in this action, upon whom is the burden of showing a fraudulent joinder, present evidence to the effect that the Seaboard Air Line Railway Company did not operate the Charlotte, Monroe & Columbia Railway Company, and did not have said company leased, at the time of the alleged injury, and that the accounts of the Charlotte, Monroe & Columbia Railway Company were kept separate and distinct, and that the employés were paid off with checks signed by the Charlotte, Monroe & Columbia Railway Company, and that in all respects the two roads are separate and distinct. The Charlotte, Monroe & Columbia road is 18 miles long, and runs from McBee, a station on the Seaboard Air Line, to Jefferson; all of said road being in South Carolina.

On the other hand, the plaintiff, a resident of North Carolina, produced evidence tending to show that 469 shares of the 471 shares of stock in the Charlotte, Monroe & Columbia Railway Company were owned by the defendant Seaboard Air Line Railway Company; that during the last four or five years the passenger cars operated on the Charlotte, Monroe & Columbia road were Seaboard Air Line cars; that the engines which pulled the cars on the Charlotte, Monroe & Columbia were Seaboard Air Line engines; that bills of lading and waybills were issued by the agent at Jefferson, the terminus of the Charlotte, Monroe & Columbia Railway, on Seaboard Air Line stationery, and that this was regularly done for several years past; that the roadmaster or section master of the Charlotte, Monroe & Columbia Railroad was employed by the roadmaster of the Seaboard Air Line, and that he made his reports to the Seaboard Air Line roadmaster, and that he was paid for his services since 1916 by the Seaboard Air Line; that the claim agent, who attempted to settle the claim, which is the basis of this suit, with the plaintiff, was a Seaboard Air Line

claim agent, and signed himself as such, and has his office and home in Charleston, S. C.; that an annual pass was issued to the roadmaster of the Charlotte, Monroe & Columbia by the Railroad Administration as an "employé of the S. A. L. Ry."; and further that the president of the Seaboard Air Line Railway Company is the president of the Charlotte, Monroe & Columbia Railway Company, and that the treasurer of the Seaboard is and was treasurer of the Charlotte, Monroe & Columbia; that the vice president and other general officers were officers in common of both roads, and that the locomotive engine which injured the plaintiff was Seaboard Air Line locomotive No. 131; and it was generally understood among the public that the Seaboard Air Line operated the Charlotte, Monroe & Columbia.

While it was stoutly denied by counsel for the defendants that the Seaboard Air Line had any other connection with the Charlotte, Monroe & Columbia than that of owner of 469 shares of stock above referred to and $35,000 of the $70,000 bond issue of said road, and they argue further that the fiscal accounts of the Charlotte, Monroe & Columbia were kept separate and distinct from the Seaboard Air Line's —and I do not find that this is not a fact—yet from all the facts and circumstances adduced upon the hearing before me, and the allegations in the complaint, I am not able to say that the defendant Seaboard Air Line Railway Company was joined as a party to this action for the fraudulent purpose of denying jurisdiction to the United States District Court.

[2] On the other hand, the court is of opinion that the plaintiff and his counsel acted in good faith and with a reasonable basis for their belief in claiming that the Seaboard Air Line is liable in this action for damages to the plaintiff, and honestly expect to secure a judgment against the Seaboard Air Line Railway Company, as well as against the Charlotte, Monroe & Columbia. I do not understand it to be my function in this proceeding to pass upon the question as to whether the Seaboard Air Line is actually liable to the plaintiff for damages as alleged. My duty is to ascertain whether the joinder was made in good faith; that is, in the honest belief on the part of the plaintiff that the Seaboard Air Line is liable, and whether there is or was a reasonable basis for this honest belief.

Having this view of the matter, the court is constrained to grant the motion to remand; and it is so ordered. The clerk at Charlotte will enter.